**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHERRY A. FACCIUTO, | ) | NO. CV 15-3894-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **AND ORDER OF REMAND** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied, and this matter is remanded for further

administrative action consistent with this Opinion.


                           **PROCEEDINGS**


        Plaintiff filed a complaint on May 22, 2015, seeking review of

the Commissioner's denial of benefits.  The parties consented to

proceed before a United States Magistrate Judge on July 29, 2016.

Plaintiff filed a motion for summary judgment on March 10, 2016.

Defendant filed a motion for summary judgment on June 15, 2016.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed August 19, 2015.

**BACKGROUND**

Plaintiff asserts disability since April 1, 2006, based on alleged low back pain, anxiety, hyperlipidemia, hypothyroidism, hypertension, migraine headaches, and frequent urinary tract infections (Administrative Record ("A.R.") 53-55, 284).  Plaintiff testified that she suffers from back pain and other symptoms of allegedly disabling severity (A.R. 55-74).

The Administrative Law Judge ("ALJ") found Plaintiff has severe degenerative disc disease of the lumbar spine and migraines (A.R. 23).[1]  However, the ALJ also found Plaintiff retains the residual functional capacity to perform a limited range of light work, including Plaintiff's past relevant work as a reception clerk, phlebotomist, file clerk, and medical assistant (A.R. 26-29 (adopting vocational expert testimony at A.R. 80-82)).  The ALJ deemed Plaintiff's contrary testimony "not entirely credible" (A.R. 27).  The ALJ therefore found Plaintiff not disabled (A.R. 29).  The Appeals Council denied review (A.R. 1-6).

///

///

---

[1]     The ALJ found "non-severe" Plaintiff's alleged hyperlipidemia, hypothyroidism, anxiety, and depression (A.R. 24-25).

1                        **STANDARD OF REVIEW**

2

3       Under 42 U.S.C. section 405(g), this Court reviews the

4  Administration's decision to determine if: (1) the Administration's

5  findings are supported by substantial evidence; and (2) the

6  Administration used correct legal standards.  See Carmickle v.

7  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

8  499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner

9  of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).

10  Substantial evidence is "such relevant evidence as a reasonable mind

11  might accept as adequate to support a conclusion."  Richardson v.

12  Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted);

13  see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

14

15       If the evidence can support either outcome, the court may

16       not substitute its judgment for that of the ALJ.  But the

17       Commissioner's decision cannot be affirmed simply by

18       isolating a specific quantum of supporting evidence.

19       Rather, a court must consider the record as a whole,

20       weighing both evidence that supports and evidence that

21       detracts from the [administrative] conclusion.

22

23  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

24  quotations omitted).

25  ///

26  ///

27  ///

28  ///

**DISCUSSION**

I. **The ALJ's Stated Reasons for Rejecting Plaintiff's Credibility are Legally Insufficient.**

Plaintiff testified, <u>inter alia</u>, she has back pain every day, all day, in her lower back and on the right side above her waist which radiates down to her calf when she sleeps (A.R. 56-57).  Plaintiff also testified she has intermittent back spasms (A.R. 71-72). Plaintiff claimed that on an average day she must lie down to relieve her pain and spasms four or five times for 30 to 60 minutes each time (A.R. 73-74).

Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged (A.R. 27), the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony.  <u>See</u> <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234 (9th Cir. 2010); <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>but see</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must state "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of

///
///
///
///
///

malingering).[2]   Generalized, conclusory findings do not suffice.   <u>See</u>
<u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's
credibility findings "must be sufficiently specific to allow a
reviewing court to conclude the ALJ rejected the claimant's testimony
on permissible grounds and did not arbitrarily discredit the
claimant's testimony") (internal citations and quotations omitted);
<u>Holohan v. Massanari</u>, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ
must "specifically identify the testimony [the ALJ] finds not to be
credible and must explain what evidence undermines the testimony");
<u>Smolen v. Chater</u>, 80 F.3d at 1284 ("The ALJ must state specifically
which symptom testimony is not credible and what facts in the record
lead to that conclusion."); <u>see also</u> Social Security Ruling 96-7p.[3]

Here, the ALJ rejected Plaintiff's credibility "for the reasons
explained in this decision," stating:

> In terms of the claimant's alleged impairments, her
> testimony concerning her symptoms was grossly exaggerated.

---

[2]     In the absence of an ALJ's reliance on evidence of
"malingering," most recent Ninth Circuit cases have applied the
"clear and convincing" standard.   <u>See, e.g.</u>, <u>Burrell v. Colvin</u>,
775 F.3d 1133, 1136-37 (9th Cir. 2014); <u>Treichler v.</u>
<u>Commissioner</u>, 775 F.3d 1090, 1102 (9th Cir. 2014); <u>Ghanim v.</u>
<u>Colvin</u>, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); <u>Garrison v.</u>
<u>Colvin</u>, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); <u>see also</u>
<u>Ballard v. Apfel</u>, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19,
2000) (collecting earlier cases).   In the present case, the ALJ's
findings are insufficient under either standard, so the
distinction between the two standards (if any) is academic.

[3]     Social security rulings are binding on the
Administration.   <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1
(9th Cir. 1990).

1   She was able to drive herself to the hearing, although she

2   said her son or a friend usually drives her [A.R. 43]. She

3   testified she can take care of her own personal hygiene but

4   it takes longer [A.R. 63]. She uses no assistive device

5   [A.R. 63]. She can prepare food in a microwave but does not

6   clean [A.R. 65-66]. She does not do laundry other than to

7   fold clothes [A.R. 65]. She can wash dishes for fifteen

8   minutes then has to lie down or sit for 30 minutes [A.R.

9   66]. She does not grocery shop [A.R. 67].

10

11      The claimant is able to take the train to Ventura to

12  visit her daughter riding 12 hours but said she was able to

13  do it because the seats recline and she can walk around

14  [A.R. 67-68]. She makes this trip every 1-2 months [A.R.

15  68].[4] She visits her daughter[,] son in law and

16  grandchildren for a week at a time [A.R. 68]. She also

17  stays with and socializes with her daughter's mother in law

18  while there [A.R. 68, 75-76]. She alleges she has 2-3

19  anxiety attack[s] a week even when she does not go anywhere

20  [A.R. 69-70]. She has been able to pass the courses of

21  study for phlebotomy and her CNA courses but contends she

22  does not comprehend when reading a magazine [A.R. 76-77].

23  She alleges that she has back spasms, applies ice and has to

24  lie down for an hour [A.R. 71-72]. She can walk 15-20

25  minutes, stand for 15-20 minutes and sit for 30-60 minutes

26

27      [4]   Plaintiff actually testified that she tries to go to

28  her daughter's home once every two months, not every 1-2 months
    (A.R. 68).

[A.R. 72].⁵  She uses a TENS unit for pain [A.R. 72].⁶  She
alleges that she has disturbed sleep 3-4 times a month and
wakes up with panic attacks and her heart racing [A.R. 74].⁷
She alleges that she has migraines for which she takes over
the counter generic medication which make the headaches go
away after 30-45 minutes [A.R. 60] (Testimony).  On
December 11, 2008, her treatment record indicated she needed
a supply of medication because she was traveling to Hawaii
for three months [citing A.R. 421].

(A.R. 27).  The ALJ did not mention specifically Plaintiff's testimony
that she has to lie down four or five times a day for 30 to 60 minutes
each time (A.R. 73-74).

    It thus appears that the ALJ discounted Plaintiff's credibility
based on her reported daily activities and on asserted inconsistencies

///

///

///

///

---

⁵    Plaintiff testified that she can stand 15 minutes
before needing to sit with her feet elevated to relieve pain
(A.R. 72-73).  However, sitting for extended times also
reportedly causes her pain (A.R. 73).

⁶    The record also reflects that Plaintiff was taking
Vicodin regularly for her pain and Soma for her muscle spasms
(see A.R. 390-92, 510).

⁷    Plaintiff actually testified that she wakes up three or
four times a __night__ and could not remember getting a good night's
sleep "in a long time" (A.R. 74).

in the record.[8]  The ALJ's stated reasoning is legally insufficient.

     First, Plaintiff's limited daily activities do not support the ALJ's adverse credibility determination.  See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("Vertigan") ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"); Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) ("Gallant") (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled due to constant back and leg pain); see also Burrell v. Colvin, 775 F.3d at 1138 (reversing adverse credibility determination where "the ALJ did not elaborate on which daily activities conflicted with which part of Claimant's testimony").  "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."  Smolen v. Chater, 80 F.3d at 1283 n.7.  The record does not reflect that Plaintiff performed activities which would translate to sustained activity in a work setting on a regular and continuing basis for eight

///

---

     [8]    In evaluating a claimant's credibility, an ALJ may consider evidence of inconsistencies.  See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations omitted); see also Bray v. Commissioner of Social Sec. Admin., 554 F.3d 1219, 1226-27 (9th Cir. 2009); Smolen v. Chater, 80 F.3d at 1284; 20 C.F.R. §§ 404.1529, 416.929.

1   hours a day, five days a week.[9]

2

3      Second, to the extent the ALJ considered as a significant part of

4   Plaintiff's daily activities the fact that Plaintiff travels by train

5   once every two months to visit family, or the fact that she once spent

6   three months in Hawaii, substantial evidence does not suggest that

7   these activities would translate to regular sustained work activity.

8   Plaintiff testified that when she takes the train she can lie down

9   fully and get up and move around at will (A.R. 67-68).  While with her

10   family, she reportedly socializes for only approximately an hour a day

11   before going to a spare bedroom in her in-law's house to lie down

12   (A.R. 76).  There is no information in the record concerning

13   Plaintiff's activities during her trip to Hawaii.

14

15      Third, the only arguable inconsistencies the Court can glean from

16   the ALJ's discussion of the record are: (1) Plaintiff's purported

17   testimony that she "does not comprehend when reading a magazine," yet

18 _____

19      [9]   In Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005)
  ("Burch"), the Ninth Circuit upheld an ALJ's rejection of a

20   claimant's credibility in partial reliance on the claimant's
  daily activities of cooking, cleaning, shopping, interacting with

21   others and managing her own finances and those of her nephew.  In
  doing so, the Ninth Circuit did not purport to depart from the

22   general rule that an ALJ may consider daily living activities in
  the credibility analysis only where "a claimant engages in

23   numerous daily activities involving skills that could be
  transferred to the workplace." Id. at 681.  Undeniably, however,

24   it is difficult to reconcile the result in Burch with the results
  in cases like Vertigan and Gallant.  Certainly, "the relevance of

25   a claimant carrying on daily activities should be evaluated on a
  case-by-case basis." Bloch on Social Security § 3.37 (Jan.

26   2005).  In the present case, in light of the seemingly
  conflicting Ninth Circuit case law as well as the evidence in the

27   record suggesting Plaintiff engages in only limited daily
  activities, this Court does not believe Burch compels affirmance.

28

was able to pass phlebotomy and CNA courses; and (2) Plaintiff's testimony that she has anxiety attacks two to three times a week, yet can travel to Hawaii and can visit with her family once every two months (A.R. 27).  The record does not support the significance of these alleged inconsistencies.  Plaintiff did not testify that she is incapable of comprehending when reading; Plaintiff testified that she "always had a hard time comprehending reading and having it stay in [her] mind," and that she had read "probably" three books for pleasure in her whole life (A.R. 76-77).  Plaintiff admitted that she had to read and understand to get through her training, and explained that she had a "very hard" time passing the courses (A.R. 76-78). Plaintiff's admitted difficulty with reading comprehension is not necessarily inconsistent with her ability to pass the referenced courses.  Similarly, Plaintiff did not claim any functional limitations from her anxiety attacks which would prevent her from traveling as she sometimes did.  Plaintiff testified that when she gets anxiety attacks her chest hurts, her heart starts beating fast, and she gets light headed (A.R. 62).  She takes Valium and Ziprasidone regularly to manage her anxiety (A.R. 62-63).  As described, Plaintiff's twice weekly anxiety attacks are not inconsistent with an ability to travel once every two months to visit family or an ability to spend time in Hawaii.

The ALJ did not specify the objective medical record as a stated reason for discounting Plaintiff's credibility (A.R. 27).  To the extent the ALJ may have relied on the medical record to discount Plaintiff's credibility, a lack of objective medical evidence "can be a factor" in discounting a claimant's credibility, but cannot "form

1  the sole basis."  See Burch v. Barnhart, 400 F.3d at 681.

2  Additionally, the ALJ would have had to make a specific finding

3  identifying the testimony the ALJ found not credible and linking the

4  rejected testimony to parts of the medical record supporting the ALJ's

5  non-credibility determination.  See Brown-Hunter v. Colvin, 806 F.3d

6  487, 494 (9th Cir. 2015) (holding it was legal error for ALJ to fail

7  to make such a link) (citations omitted).  The ALJ made no such link

8  in the present case.

9

10    Defendant cites to other potential reasons for discounting

11  Plaintiff's credibility (e.g., Plaintiff's allegation that she was

12  unable to work as of April 1, 2006, despite an indication that

13  Plaintiff engaged in substantial gainful activity for three months in

14  2010, Plaintiff's alleged failure to see a specialist for her back

15  pain (she did see a pain management specialist (A.R. 356-60)), and

16  Plaintiff's alleged failure to seek mental health treatment) (see

17  Defendant's Motion, pp. 7-8).  Because the ALJ did not state such

18  reasons for discounting Plaintiff's credibility, the Court cannot

19  uphold the credibility determination on the basis of such reasons.

20  Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the court

21  "cannot affirm the decision of an agency on a ground that the agency

22  did not invoke in making its decision").

23

24    The Court is unable to conclude that the ALJ's failure to state

25  legally insufficient reasons for discounting Plaintiff's credibility

26  was harmless.  "[A]n ALJ's error is harmless where it is

27  inconsequential to the ultimate non-disability determination."  Molina

28  v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and

1  quotations omitted).  Here, the vocational expert testified that if

2  someone needed to sit or lie down two times a work day for 15-minute

3  breaks - which is a need less extreme than Plaintiff claimed - that

4  person would not be able to do any of Plaintiff's past relevant work

5  (A.R. 82).  The vocational expert did not identify any other work such

6  a person could perform (A.R. 79-83).

7

8  **II.  Remand for Further Administrative Proceedings is Appropriate.**

9

10      Because the circumstances of the case suggest that further

11  administrative review could remedy the ALJ's error, remand is

12  appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2010); see

13  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett")

14  (remand is an option where the ALJ fails to state sufficient reasons

15  for rejecting a claimant's excess symptom testimony); but see Orn v.

16  Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to

17  cite Connett for the proposition that "[w]hen an ALJ's reasons for

18  rejecting the claimant's testimony are legally insufficient and it is

19  clear from the record that the ALJ would be required to determine the

20  claimant disabled if he had credited the claimant's testimony, we

21  remand for a calculation of benefits") (quotations omitted); see also

22  Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the

23  district court concludes that further administrative proceedings would

24  serve no useful purpose, it may not remand with a direction to provide

25  benefits"); Brown-Hunter v. Colvin, 806 F.3d at 495-96 (discussing the

26  evidently narrow circumstances in which a court will order a benefits

27  calculation rather than further proceedings); Ghanim v. Colvin, 763

28  F.3d 1154, 1166 (9th Cir. 2014) (remanding for further proceedings

where the ALJ failed to state sufficient reasons for deeming a claimant's testimony not credible); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1021 (9th Cir. 2014) (court may "remand for further proceedings, even though all conditions of the credit-as-true rule are satisfied, [when] an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled"); <u>Vasquez v. Astrue</u>, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); <u>see generally</u> <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases").

**CONCLUSION**

For the foregoing reasons,[10] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded

///

///

///

---

[10]   The Court has not reached any other issues raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.

for further administrative action consistent with this Opinion.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

      DATED: August 12, 2016.

                     /S/
                           CHARLES F. EICK
            UNITED STATES MAGISTRATE JUDGE