**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRY A. FACCIUTO,<br><br>            Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>            Defendant.<br>_____ | ) NO. CV 15-3894-E<br>)<br>)<br>)<br>) ORDER RE: "MOTION FOR AUTHORIZATION<br>)<br>) OF ATTORNEY'S FEES UNDER<br>)<br>) 42 U.S.C. § 406(b)"<br>)<br>) |

On September 13, 2018, counsel for Plaintiff filed a "Motion for Authorization of Attorney's Fees Under 42 U.S.C. § 406(b)." On October 15, 2018, Defendant filed a response. Counsel for Plaintiff seeks attorneys fees in the amount of $10,881.00.

**BACKGROUND**

The Court previously remanded this matter to the Commissioner for further administrative action. The Commissioner subsequently awarded benefits to Plaintiff totaling $55,524.00, and the Commissioner withheld 25 percent of this amount. Plaintiff's counsel represented

Plaintiff under a contingent fee agreement providing for fees in the amount of 25 percent of past-due benefits for work done before the Commissioner and separate fees in the amount of 25 percent of past-due benefits for work done before the Court. Plaintiff's counsel already has been awarded $6,000.00 under 42 U.S.C. section 406(a) for work done before the Commissioner.

**APPLICABLE LAW**

Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant
> . . . who was represented before the court by an attorney,
> the court may determine and allow as part of its judgment a
> reasonable fee for such representation, not in excess of
> 25 percent of the total of the past-due benefits to which
> the claimant is entitled. . . . In case of any such
> judgment, no other fee may be payable . . . for such
> representation except as provided in this paragraph. 42
> U.S.C. § 406(b)(1)(A).

According to the United States Supreme Court, section 406(b)
> does not displace contingent-fee agreements as the primary
> means by which fees are set for successfully representing
> Social Security benefits claimants in court. Rather,
> § 406(b) calls for court review of such arrangements as an
> independent check, to assure that they yield reasonable

results in particular cases. Congress has provided one
boundary line: Agreements are unenforceable to the extent
that they provide for fees exceeding 25 percent of the past-
due benefits. Within this 25 percent boundary . . . the
attorney for the successful claimant must show that the fee
sought is reasonable for the services rendered. <u>Gisbrecht
v. Barnhart</u>, 535 U.S. 789, 807 (2002) (citations omitted)
("<u>Gisbrecht</u>").

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." <u>Id.</u> at 808. The Court appropriately may reduce counsel's recovery

> based on the character of the representation and the results
> the representative achieved. If the attorney is responsible
> for delay, for example, a reduction is in order so that the
> attorney will not profit from the accumulation of benefits
> during the pendency of the case in court. If the benefits
> are large in comparison to the amount of time counsel spent
> on the case, a downward adjustment is similarly in order.

<u>Id.</u> (citations omitted).
///
///
///
///

**DISCUSSION**

The fee sought does not exceed the agreed-upon 25 percent of past-due benefits for work done before the Court. Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing Plaintiff's benefits. Because the present case is legally indistinguishable from Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a comparison of the benefits secured and the time Plaintiff's counsel spent before the Court suggests the unreasonableness of the fee sought. Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of Gisbrecht.

**ORDER**

A section 406(b) fee is allowed in the gross amount of $10,881.00, which shall be paid by the Commissioner directly to Plaintiff's counsel only to the extent that the withheld funds constituting 25 percent of Plaintiff's past-due benefits are still available and unexhausted. See Dobson v. Commissioner, 2013 WL 6198185, at *5 (E.D. Cal. Nov. 27, 2013). Counsel shall reimburse
///
///
///
///
///

Plaintiff in the amount of $3,000.00, previously paid by the Government under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED: October 16, 2018.

                                                   /s/
                                          CHARLES F. EICK
                               UNITED STATES MAGISTRATE JUDGE